# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN MARIE C. REESE, Administratrix of the Estate of Lawrence A. Jones, Jr., Deceased | ) ) ) ) | Civil Action No. 12-1667 |
| Plaintiff, | ) ) | |
| v. | ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| OFFICER JOSEPH P. FABUS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Officer Joseph P. Fabus' Motion for Reconsideration of the Court's Memorandum Opinion denying his Motion for Summary Judgment. (ECF No. 44). For the reasons which follow, said motion is denied.

On August 5, 2014, the Court issued a Memorandum Opinion and Order (ECF No. 43), granting in part and denying in part the Defendants' Motion for Summary Judgment, (ECF No. 30). The Motion was granted with regard to Officer Jeffrey John Abraham, the City of Pittsburgh, and the Chief of Police, Nathan Harper. The Motion was denied with respect to Officer Joseph P. Fabus. Thus, Officer Fabus is the only remaining Defendant. The trial in this matter has been scheduled to begin on January 26, 2015.

On August 21, 2014, Officer Fabus filed a Motion for Reconsideration and Brief in Support thereof, (ECF Nos.44, 45) requesting that the Court reconsider its ruling in light of the recent Supreme Court case *Plumhoff v. Rickard*, 134 S.Ct. 2012 (2014). *Plumhoff* was decided after the Motion for Summary Judgment had been filed but before the Court entered its decision. On August 26, 2014, the Court entered a text-only Order Response/Briefing Schedule directing Plaintiff to respond to this Motion on or before September 12, 2014. To date, Plaintiff has not

1

filed a response. Accordingly, the Court will decide Officer Fabus' Motion without the benefit of Plaintiff's response.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Ziotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided] the motion for summary judgment; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Quinteros*, 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration should only be granted "sparingly" and are to be "strictly reviewed" by district courts. *Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F. Supp.2d 609, 611 (W.D. Pa. 2004).

Officer Fabus states that he "believes that [*Plumhoff*] shows that he is entitled to summary judgment as there was no Fourth Amendment violation." However, *Plumhoff* is factually distinguishable from the present case. *Plumhoff* involved the use of deadly force by officers "to put an end to what had already been a lengthy, high-speed pursuit that *indisputably* posed a danger both to the officers involved and to any civilians who happened to be nearby." 134 S.Ct. at 2024 (emphasis added). Here, it cannot be said that Jones indisputably posed a danger to the officers or to civilians in the surrounding area. Plaintiff has come forward with sufficient evidence to dispute Officer Fabus' position that he and others were facing an immediate threat of danger. The outcome in *Plumhoff* was based upon the specific facts of that case. *See id* ("Under the circumstances present in this case, we hold that" the officers did not

violate the Fourth Amendment and are entitled to qualified immunity). Thus, *Plumhoff* is not an intervening change in the law, and a jury must ultimately decide whether Officer Fabus acted reasonably in light of the surrounding circumstances.

Officer Fabus also argues that he is entitled to qualified immunity. At the outset, the Court notes that Officer Fabus did not originally argue that he is entitled to qualified immunity in the Motion for Summary Judgment. Clearly, this is a defense that he could have raised, but he apparently chose not to do so. Now, he is asking the Court to reconsider an argument that he never made. However, even assuming *arguendo* that he has properly raised this issue, he is not entitled to qualified immunity at this stage of the proceedings.

Officer Fabus states that he is entitled to qualified immunity because he "was not put on notice that it was unreasonable for him to believe that he was permitted to use deadly force when he believed his life was in danger due to the decedent's driving and the traffic behind him, as well as the lives of other motorists and pedestrians when the decedent struck the van parked in front of him and continued to attempt to flee." This argument, however, is premised on facts which have been genuinely disputed by Plaintiff. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (When conducting an analysis on qualified immunity, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment."). Plaintiff has come forward with evidence to counter Officer Fabus' position that there was no immediate threat of danger. If the finder of fact were to determine that there was no immediate threat of harm to Officer Fabus or others, then he would not be entitled to qualified immunity. *See, e.g., Tenn. v. Garner*, 471 U.S. 1, 11 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force

to do so."). Therefore, at this stage of the proceedings, Officer Fabus is not entitled to qualified immunity.

In conclusion, the Court finds that Officer Fabus has failed to establish that the Court should grant his motion for reconsideration. He has not established an intervening change in the controlling law, has not pointed to new evidence that was not available when the motion was decided, and has not established that the Court's decision constituted clear error or manifest injustice.

**AND NOW,** this 25th day of September, 2014, having considered the arguments raised by Officer Fabus, **IT IS HEREBY ORDERED** that Officer Fabus' Motion for Reconsideration (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that the Pretrial Order entered by the Court on August 28, 2014 (ECF No. 46) remains in effect.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF